IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHIOMA OKORO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-401-RP |
| | § | |
| ROLANDO PABLOS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

This suit involves claims made by Plaintiff Chioma Okoro ("Plaintiff") against Texas

Secretary of State Rolando Pablos and Texas Governor Greg Abbott (collectively, "Defendants").

Ms. Okoro, asserting alleged violations of the United States Constitution, seeks a place on the ballot

for the 2018 gubernatorial election. On May 15, 2018, Ms. Okoro filed a "[t]ime sensitive request for

a [h]earing," (Mot. Hearing, Dkt. 3, at 1), which the Court denied, (Order, Dkt. 5). Ms. Okoro

subsequently filed three notices indicating that she wishes to appeal the order denying her request

for a hearing. (Dkts. 7, 8, 9).

## I. DISCUSSION

Courts must liberally construe the filings of *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519,

520–21 (1972); *Winland v. Quarternamn*, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-

established precedent requiring that [the court] construe pro se briefs liberally").[1] Accordingly,

courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers."

*Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th

Cir. 2002)). Because Plaintiff is proceeding *pro se*, the Court will therefore construe her "notices" as

---

[1] Plaintiff is admonished, however, that her *pro se* status does not exempt her from compliance with the obligations imposed by applicable procedural rules. *See Douglass v. United Services Auto. Ass'n*, 65 F.3d 452, 455 n.4 (5th Cir. 1995). Like all other litigants, Plaintiff is required to review and strictly adhere to both the Federal Rules of Civil Procedure and the Local Rules for the Western District of Texas.

either motions for reconsideration or a motion to certify the Court's prior order for interlocutory review.

*A. Motion for Reconsideration*

On April 14, 2017, the U.S. Court of Appeals for the Fifth Circuit clarified when district courts considering motions for reconsideration should apply Federal Rule of Civil Procedure 54(b) and when they should apply Rule 59(e). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). The Court of Appeals explained that "Rule 59(e) governs motions to alter or amend a final judgment," while "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Id.* (internal quotation marks and citations omitted). District courts should only use Rule 59(e) to evaluate a motion for reconsideration when the motion seeks reconsideration of a final judgment. *Id.* This Court will therefore construe Plaintiff's "notices" as motions for reconsideration made pursuant to Rule 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

Having reviewed Plaintiff's filings, the Court sees no reason to disturb its previous order denying her motion for a hearing. To the extent Plaintiff's "notices" are construed as motions for reconsideration made pursuant to Rule 54(b), they are denied.

*B. Motion for Section 1292(b) Designation*

28 U.S.C. § 1292(b) ("Section 1292(b)") provides that a district court may designate an order for interlocutory appeal by issuing a written order expressing the court's opinion that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that "an immediate appeal from the order may materially advance the ultimate

termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under Section 1292(b) is within the district court's discretion. *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995).

In the instant case, Plaintiff has failed to satisfy either prong of the burden imposed by Section 1292(b). There has been no change in the law, and it is unclear how an immediate interlocutory appeal would materially advance the ultimate termination of the litigation. To the extent Plaintiff's "notices" are construed as motions for relief pursuant to Section 1292(b), they are denied.

## II. CONCLUSION

After construing Plaintiff's "notices," (Dkts. 7, 8, 9), as motions for either reconsideration or certification pursuant to Section 1292(b), the Court concludes that its previous Order, (Dkt. 5), should not be disturbed. The relief sought in Plaintiff's filings is **DENIED**.

**SIGNED** on June 5, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE